IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE STEPHON WOODS,

   Debtor,                                        Case No.: 19-81105-CRJ-13

STEPHON WOODS,

   Plaintiff,                                   Adv. Proc. No.: 19-80044-CRJ

v.

FINANCIAL RECOVERY SERVICES,
INC., WEBFINANCIAL HOLDING
CORP., D/B/A WEBBANK, and
FINGERHUT,

   Defendants.

_____

## DEFENDANT, FINANCIAL RECOVERY SERVICES, INC'S REPLY TO SHOW CAUSE ORDER

COMES NOW the Defendant, Financial Recovery Services,, Inc. (hereinafter "Defendant" or "FRS"), by and through undersigned counsel, and responds to this Honorable Court's Order [doc. 25] as follows:

1. On September 19, 2019, this Honorable Court entered an Order [doc. 25] providing notice that certain affirmative defenses asserted by FRS in regards to punitive damages are likely unwarranted by existing law, or by a nonfrivolous argument for the modification of existing law or establishment of new law. Specifically, this Honorable Court referenced every affirmative defense raised by FRS as it pertains to the imposition of punitive damages. The Order described the affirmative defenses as a challenge to the Court's authority to enter a final order awarding punitive damages. A hearing is set for October 23, 2019, coinciding with a status conference in

this matter, for counsel to address the Court's concerns. This reply is submitted not to avoid the hearing but only in an effort to address as many issues preemptively as possible.

2. The Undersigned agrees the defenses asserted are overly broad and do not narrowly address the genuine purpose of the defenses. To that end, the Undersigned stresses the intent of the defenses was to preserve the right of the Defendant to challenge any award of punitive damages on appeal *not* because this Honorable Court lacked authority to award them (should the facts of the case merit it) [1] but *only to the extent* the award of punitive damages was so disproportionate to the actual harm caused that it might rise to an unconstitutional taking.

3. FRS is not challenging, and never intended to challenge, this Honorable Court's *authority* to award punitive damages under 11 U.S.C. § 362(k).

4. Instead, FRS via the Undersigned intended only to preserve its rights to challenge an award of punitive damages to the extent such an award may be disproportionate to the actual harm suffered, or excessive given the conduct of the Defendant, or to any extent a punitive award might exceed constitutional norms. The Undersigned believes this is a valid affirmative defense to assert, but also agrees the filed answer badly misses the mark.

5. FRS notes an award of punitive damages can be so out of proportion to the actual harm suffered by the Plaintiff that it violates the United States Constitution. This unusual, but possible, circumstance was demonstrated in the case of *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 568-87 (1996). In this notorious case, punitive damages of $4 million were awarded but the same jury only awarded compensatory damages of $4,000. The United States Supreme Court found this shocking disparity to violate the U.S. Constitution stating "we are fully convinced that the grossly excessive award imposed in this case transcends the constitutional limit."

---

[1] FRS does not believe the facts of the case would merit any punitive damages, but does not want to risk waiver by asserting no affirmative defenses in this regard.

6. Defendant does not think punitive damages are warranted in this case. If they were, the Defendant does not think this Honorable Court would award damages in a manner inconsistent with the Defendant's rights to due process. However, the Bankruptcy Code does not set guidelines for the amount of damages to be awarded, leaving open the possibility of a punitive award that is disproportionate to the actual harm caused. *See* 11 U.S.C. § 362(k). If this were to happen, FRS merely seeks to preserve those constitutional arguments on appeal. The argument would not be the court lacked authority to enter punitive damages; the argument would be the amount of damages awarded was out of proportion to the actual damages and accordingly was unconstitutional. The right of a defendant to seek appellate review of an award of punitive damages is well settled. By way of authority, the United States Bankruptcy Court for the Middle District of Alabama awarded punitive damages against the defendant in *In re Vaughn,* 542 B.R. 589 (M.D. Bankr. 2015). The award was appealed and reversed in *Central Mississippi Credit Corp. v. Vaughn,* 555 B.R. 803 (M.D. Ala. 2016), *vacated on other grounds,* (holding the bankruptcy court's award of punitive damages was excessive and vacating and remanding the case). Specifically, in that matter, the reviewing court held:

> the amount of punitive damages a court may award, however, is limited by the Due Process Clause of the Fourteenth Amendment, which prohibits 'grossly excessive or arbitrary punishments,' and the Supreme Court has advised reviewing courts [in *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 416, 418 (2003)], in determining whether punitive damages are excessive to consider '(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages award . . . . and the civil penalties authorized or imposed in comparable cases.

*Central Mississippi Credit Corp. v. Vaughn,* 555 B.R. 803, 817 (M.D. Ala. 2016).

7. The Undersigned believes the constitutionality of a punitive damages award is something that must be affirmatively pled. The Undersigned acknowledges the affirmative defenses criticized by this Honorable Court do not concisely make the intended point.[2] However, at no time did FRS intend to challenge the authority of this Honorable Court to award punitive damages when the facts of a case warrant it. FRS was merely trying to preserve its right to challenge the ratio or proportion of punitive damages awarded in the unlikely event such an award was unconstitutional under the rule of law established in *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996).

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully submits this response to this Honorable Court's Order [doc. 25] to provide authority for its constitutional challenge to any potential award of punitive damages based on the amount, proportion or ratio thereof. The Undersigned respectfully asks this Honorable Court to consider the following request for relief:

1) Allow the Undersigned to file the attached Amended Answer with one precise, clear and appropriate Affirmative Defense regarding punitive damages (See Exhibit A, Affirmative Defense 21);

2) For permission to file a supplemental pleading to address any additional concerns this Honorable Court has;

3) To keep the Show Cause hearing on as scheduled so that the Undersigned may personally be held accountable for this Honorable Court's concerns.

---

[2] However, FRS does contend the affirmative defense was sufficient well pled to avoid arguments of waiver should the matter of punitive damages ever be raised on appeal.

{W0639779.1}

Respectfully Submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III
*Attorney for Defendant,*
*Financial Recovery Services, Inc.*


OF COUNSEL:
FERGUSON, FROST, MOORE & YOUNG, LLC
1400 Urban Center Drive, Suite 200
Birmingham, Alabama  35242
(205)879-8722


**CERTIFICATE OF SERVICE**

This is to certify that on this the 24th day of September 2019, a copy of the foregoing document has been served upon counsel of record listed below via Alafile:

John C. Larsen
Larsen Law, P.C.
1733 Winchester Road
Huntsville, Alabama  35811
john@larsenlaw.com
*Attorney for Plaintiff*

Matthew M. Cahill
Samuel C. Pierce
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
1400 Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, Alabama  35203-5202
mcahill@bakerdonelson.com
scpierce@bakerdonelson.com


/s/ Neal D. Moore, III
OF COUNSEL

{W0639779.1 }